# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv52

| | |
|---|---|
| ERIC ESANCY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )  ORDER |
| CRESTMARK BANK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the court on plaintiff's "Objection to Removal" (#5). There are a number of procedural problems with such pleading that require that it be stricken:

1. <u>Failure to Properly Caption or Docket as a Motion.</u> Rule 7, Federal Rules of Civil Procedure, requires all requests for relief from the court to be filed in the form of a "motion." This is not just a pedantic rule, but instead serves a real purpose in notifying the opposing party that there is a request for relief as well as the court. Further, unless counsel dockets such pleading as a "motion," the docketing system has no ability to track the pleading and make sure that a decision is issued in a timely fashion.

2. <u>Failure to Reflect Consultation</u>. Local Civil Rule 7.1(A) requires a

-1-

moving party to reflect that he has consulted with and attempted to resolve the motion prior to filing. That has not been done.

3. <u>Failure to File a Supporting Brief</u>. Local Civil Rule 7.2 requires the filing of a supporting brief. That has not been done.

4. <u>Improper Request for Relief</u>. In his prayer for relief, he requests that the "above referenced action pending in the General Court of Justice . . . not be removed therefrom to this Court." Docket Entry 5, at 1. That relief cannot be granted inasmuch as the filing of the "Notice of Removal" (#1) instantaneously removed this matter to this court.

5. <u>Challenge to Diversity Based on Citizenship of a Corporation</u>. in substance, plaintiff argues that removal based on diversity was improper inasmuch as defendant maintains "one of its principal places of business" in North Carolina. Such an argument flies in the face of plaintiff's own Complaint, wherein he stated "Crestmark is a Michigan chartered bank which maintains its principal place of business in Troy Michigan," and also alleged that "one of its principle places of business being located at Post Office Box 3245, Mooresville . . . ." Compl., at ¶ 2. As a matter of well settled law, the Court of Appeals for the Fourth Circuit has long held that

> Of course, it may be something of a fiction to say that a corporation is

> a resident of the chartering State. Nevertheless, "[i]n many respects ... the law acts as if State chartering of a corporation has meaning." *Shaffer v. Heitner,* 433 U.S. at 226, n. 4, 97 S.Ct. at 2591, n. 4 (Brennan, J., concurring and dissenting). For purposes of diversity jurisdiction, a corporation is considered a citizen of the chartering State, as well as the State of its principal place of business. See 28 U.S.C. § 1332(c).

Pittsburgh Terminal Corp. v. Mid Allegheny Corp. , 831 F.2d 522, 530 (4th Cir. 1987). The legislative history of 28 U.S.C.A. § 1332(c) indicates that Congress contemplated but one principal place of business, even for a corporation with a complex structure and doing business in numerous states. 6 A.L.R. Fed. 436. While a motion and supporting brief may give incite into how plaintiff believes a post office box in Mooresville trumps what is even alleged by plaintiff to be defendant's principle place of business in Troy, Michigan such is not now before the court.

      6.    <u>Challenge to Diversity Based on Amount in Controversy</u>.  Finally, plaintiff argues that the "amount in controversy thus far has not been plea . . . ." Docket Entry 5, at ¶ 3 (error in original). In substance, plaintiff appears to be contending that defendant breached an employment contract through fraud and deceit. A jurisdictional amount has been the second prong of diversity jurisdiction since the *Judiciary Act of 1789*--1 Stat. 73, 79 (Sept. 24, 1789). In determining whether the jurisdictional amount was met in a case removed to federal court, the Supreme Court held in <u>Saint Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283 (1938), as follows:

> There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end. . . . Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove. Of course, if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow. But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement, will not justify remand.

Id., at 290-92 (footnotes omitted). While comity with state courts demands that a federal court presume that a jurisdictional amount is not met, the court must look to the <u>face</u> of the Complaint, as filed in the state court, to determine whether the jurisdictional amount has been met. In addition, the undersigned has found pertinent a decision of the Court of Appeals for the Third Circuit, in which it was stated that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." <u>Angus v. Shiley, Inc.</u>, 989 F.2d 142, 146 (3rd Cir. 1993). In this case, it is quite reasonable to assume that plaintiff was doing important work for defendant and was being paid commensurately. Coupled with the allegations of fraud, that could conceivably support punitive damages, it is not beyond the realm of reason to believe that the value of this case well exceeds $75,000.00. Again, this issue is not before the court,

and plaintiff will still have a few days from receipt of this Order to file a proper motion and brief which could better inform the court both as to the law that supports his theories and the facts.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's "Objection to Removal" (#5) is **STRICKEN** without prejudice as to filing a motion and supporting brief that complies with the federal and local rules.

Signed: June 8, 2007

Dennis L. Howell
United States Magistrate Judge